**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CORY FELDMAN,

Plaintiff,

v.

THOMAS SUTTON, et al.,

Defendants.

Case No. 22-cv-341-MMA (AGS)

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

[Doc. No. 6]

On March 14, 2022, Plaintiff Cory Feldman initiated this action against Thomas Sutton ("Sutton"), the County of San Diego (the "County"), and DOES 1–50 (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Defendants now move to dismiss two claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 6. Plaintiff has filed an opposition, to which Defendants replied. *See* Doc. Nos. 7, 8. The Court found the matter suitable for disposition on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 9. For the reasons set forth below, the Court **GRANTS IN PART** Defendants' motion to dismiss.

## I. BACKGROUND[1]

This case arises from Plaintiff's contact with the San Diego County Sheriff's Department on March 12, 2021. *See* Compl. ¶ 14. According to Plaintiff, Sutton, a San Diego County Sheriff's Deputy, along with an unidentified female deputy, DOE 1, entered onto Plaintiff's property and knocked on the front door. *See id.* ¶¶ 7–8, 14. Plaintiff's wife opened the front door and Plaintiff stood in the vicinity of the doorway. *See id.* ¶ 15. Sutton was there to "verbally" serve a restraining order connected to a case involving Plaintiff's ex-wife. *Id.* According to Sutton, the contact was prompted by a 911 call. *See id.* ¶ 21. Plaintiff's wife explained she "dialed 911 accidentally and immediately hung up." *Id.*

Sutton's foot crossed the threshold of the entry during this interaction. *See id.* ¶ 15. When Plaintiff asked Sutton to remove his foot, Sutton refused and instead asked Plaintiff to come to the door, advising Plaintiff that he was not under arrest. *See id.* When Plaintiff "acknowledged that he would proceed outside," Sutton forcibly entered the residence, slammed Plaintiff against the wall, forcibly removed him from the residence, and placed him in handcuffs. *Id.* According to Plaintiff, neither he nor his wife gave Sutton consent to enter their residence. *See id.* ¶ 16.

Plaintiff "promptly informed" Sutton and DOE 1 that he had undergone hip replacement surgery the year prior and was still recovering. *See id.* Sutton directed Plaintiff to sit on the floor, to which Sutton stated that his physical limitations posed potential risks to him by sitting in such a position. *See id.* ¶ 17. Sutton then conducted a search of the residence, including mail addressed to Plaintiff. *See id.* ¶ 18. Plaintiff brings three causes of action against all Defendants: (1) violation of constitutional rights; (2) battery; and (3) negligence.

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the Complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

## II. Legal Standard

A Rule 12(b)(6)[2] motion tests the legal sufficiency of the claims made in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

---

[2] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

## III. DISCUSSION

Defendants seek dismissal of the first two claims: violation of constitutional rights and battery. The Court addresses each in turn.

### A. Violation of Constitutional Rights Claim

Plaintiff's first cause of action is for "Violation of United States Constitutional Rights." Compl. at 8. Defendants argue that Plaintiff's pleading of this claim fails to satisfy Rules 8 and 10. *See* Doc. No. 6-1 at 4–5. Defendants also assert that Plaintiff fails to plausibly plead liability against the County and the DOE Defendants, rendering the claim subject to dismissal pursuant to Rule 12(b)(6). *See id.* at 5–9.

#### *1. Rules 8 and 10*

Rule 8(a)(2) requires Plaintiff to plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) instructs that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). If a defendant would have difficulty responding to the complaint, the complaint violates Rule 8. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Even if a viable cause of action exists, the Court has discretion to dismiss a complaint for failure to comply with Rule 8, particularly where the dismissal is without prejudice and with leave to amend. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129–30 (9th Cir. 2008); *see also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. . . . [R]equiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."). Additionally, Rule 10 provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Pursuant to Rule 10(b), "[s]eparate counts will be required if necessary to enable the defendant to

frame a responsive pleading or to enable the court and the other parties to understand the claims." *Bautista v. L.A. Cty.*, 216 F.3d 837, 840 (9th Cir. 2000) (internal citations marks omitted).

As Plaintiff correctly argues in opposition, a § 1983 claim has "two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). However, Plaintiff brings his first cause of action against all Defendants. Compl. at 8. "All Defendants" include the County and at least one County employee. Unlike the individual Defendants, the County, as "a local government[,] may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, a *Monell* claim has the following elements: (1) deprivation of a constitutional right; (2) that the County had a policy; (3) that the policy amounted to a deliberate indifference to the plaintiff's constitutional rights; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Consequently, the bases for asserting § 1983 liability against the County and the individual Defendants are separate and distinct and thus require different allegations to state a claim.

Plaintiff asserts at least four Fourth Amendment, by way of the Fourteenth Amendment, constitutional violations within this one cause of action: (1) unlawful entry; (2) warrantless search; (3) unlawful arrest/detention; and (4) excessive force. *See* Compl. ¶ 37. He also asserts these violations against numerous individual Defendants and a municipality. However, this cause of action contains only three specific allegations, one of which pertains to damages. *See* Compl. ¶¶ 36–38. Plaintiff instead incorporates by reference the preceding factual paragraphs, *id.* ¶ 36, and then summarily concludes that,

based on such conduct, Plaintiff is entitled to "damages . . . for the injuries set forth above under 42 U.S.C. § 1983," *id.* ¶ 37.

The preceding paragraphs setting forth Defendants' § 1983 liability are neither clear nor concise. For example, Plaintiff asserts that the County "authorized, permitted, tolerated, ratified and/or acquiesced in the policy, custom and practice of the unconstitutional warrantless entry, illegal search, seizure and use excessive force by employees." Compl. ¶ 29. This paragraph is merely a laundry list of the various theories of *Monell* liability and restatement of the four alleged constitutional violations. Plaintiff also asserts, as will be discussed further below, that the County fails to protect individuals from Fourth and Fourteenth Amendment violations, generally, in no less than twenty ways. Compl. ¶ 29(a)–(f). This type of shotgun pleading will not do. *See Morris v. Sun Pharma Glob.*, No. CV 20-10441 PA (JPRx), 2021 U.S. Dist. LEXIS 169187, at *8 (C.D. Cal. May 13, 2021) (defining "shotgun pleadings" as "pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations") (quoting *Sollberger v. Wachovia Securities, LLC*, 09-cv-0766, 2010 U.S. Dist. LEXIS 66233, at *11 (C.D. Cal. June 30, 2010)); *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 3:20-cv-01708-WQH-BGS, 2021 U.S. Dist. LEXIS 223130, at *37 (S.D. Cal. Nov. 18, 2021) ("Pleadings that make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations are considered impermissible 'shotgun' pleadings."); *see also Applied Biological Labs., Inc. v. Diomics Corp.*, No. 3:20-CV-2500-AJB-LL, 2021 U.S. Dist. LEXIS 169251, at *17 (S.D. Cal. Sep. 6, 2021); *Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co.*, No. SACV 19-00709 AG (ADSx), 2020 U.S. Dist. LEXIS 76342, at *5 (C.D. Cal. Jan. 6, 2020). Rule 8 requires, at a minimum, that a complaint allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." *Twombly*, 550 U.S. at 555 (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

The Court agrees with Defendants that Plaintiff's failure to provide a plain statement of each claim against each particular Defendant renders the first cause of action subject to dismissal without prejudice. Neither the Court nor Defendants should be required to sift through the pleading of various claims, theories, and bases for liability to ascertain the true number and nature of Plaintiff's claims contained within this one cause of action. That the Court must, in performing its responsibility of assessing the plausibility of the Complaint, "prepare [an] outline[] to determine who is being sued for what" and on what basis is indicative that Plaintiff has failed to satisfy Rule 8. *McHenry*, 84 F.3d at 1179; *see also United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Moreover, "[w]hile incorporation by reference is a useful tool to streamline pleadings, it is not intended to create guesswork as to which facts support which claims." *See Bristol SL Holdings*, 2020 U.S. Dist. LEXIS 76342, at *6.

Further, Plaintiff's failure to separate his claims against the different Defendants hinders the "clear presentation of the matters set forth," and the ability for Defendants to frame a responsive pleading. *See Bautista*, 216 F.3d at 840. Although the Complaint focuses on one occurrence, it is within the Court's discretion to require the pleading of claims separately, especially where Plaintiff's failure to identify his claims in separate causes of action, and failure to clearly identify the appropriate statutory or other authority on which each of his claims are based, runs afoul of Rule 10(b)'s clarity standard. *See Mrkonjic v. Delta Family-Care & Survivorship Plan*, No. CV 10-2087 GAF (JCx), 2014 U.S. Dist. LEXIS 206549, at *5 (C.D. Cal. July 18, 2014); *see also Hearns*, 530 F.3d at 1129–30.

Plaintiff very well may be able to plead cognizable Fourth and Fourteenth Amendment claims against Defendants based on the conduct described in the Complaint. *See McHenry*, 84 F.3d at 1179. However, the first cause of action simply cannot proceed as is; Plaintiff cannot make "everyone did everything allegations" but instead must "state

clearly how each and every [Defendant] is alleged to have violated [each of Plaintiff's] legal rights" asserted. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). Accordingly, the Court **GRANTS** Defendants' motion on this basis and **DISMISSES** Plaintiff's first cause of action **with leave to amend**.

*2. Rule 12(b)(6)*

Defendants also argue that Plaintiff fails to plead his first cause of action against the County and DOE Defendants sufficient to withstand Rule 12(b)(6) dismissal. *See* Doc. No. 6-1 at 5, 9.

a. <u>The County</u>

As noted above, the County may not be held vicariously liable for the actions of its employees, but instead is liable only for actions that may be attributed to the government entity itself. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). Government entities can only act through individuals and therefore, to attribute actions of individuals to the government entity itself without imposing vicarious liability, the individual's actions must be performed "pursuant to official municipal policy" or according to "practices so persistent and widespread as to practically have the force of law." *Id.* at 61; *see also Long*, 442 F.3d at 1185 ("[I]t is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible."). "A policy is 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Long*, 442 F.3d at 1185 (quoting *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002) (per curiam)) (alteration in original). A plaintiff can demonstrate a policy or custom in at least one of the following three ways: (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or

ratified the decision of, a subordinate. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). "A 'policy' can be one of action, *see Monell*, 436 U.S. at 661 (forcing women to take early maternity leave), or inaction, *see City of Canton*, 489 U.S. at 387 (failure to train); *Oviatt*, 954 F.2d at 1477 (failure to implement adequate procedural safeguards)." *Fairley*, 281 F.3d at 918.

With regard to Plaintiff's Constitutional Violation cause of action against the County, Plaintiff pleads four paragraphs, and six subparagraphs, relevant to the County's *Monell* liability, *see* Compl. ¶¶ 27–30, beginning with the general catchall assertion that the constitutional violations resulted from "an institutionalized policy, practice, custom or usage of defendant COUNTY and DEPARTMENT which was known to, and ratified by, all defendants, the defendants at no time having taken any effective action to prevent COUNTY and DEPARTMENT personnel from continuing to engage in such misconduct," *id.* ¶ 27. Having reviewed these allegations, the Court finds that none are sufficient to plausibly plead *Monell* liability against the County. As an initial matter, Plaintiff does not identify any formal or written policy that calls for the conduct described in the Complaint. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also Castro v. Cty. of L.A.*, 833 F.3d 1060, 1075 n.10 (9th Cir. 2016). Nor does Plaintiff plead a pattern of the described conduct that plausibly amounts to an affirmative "longstanding practice or custom." *Id.* Plaintiff appears to concede these deficiencies. *See* Doc. No. 7 at 14. Further, despite summarily asserting that the described conduct was "ratified," Compl. ¶ 29, Plaintiff does not identify any "final policy-making authority," *Trevino*, 99 F.3d at 918, or any act of "ratification" or affirmative approval of Sutton and/or DOE 1's conduct. *See Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004) ("To show ratification, a plaintiff must show that the authorized policymakers approve a subordinate's decision and the basis for it.") (internal quotation marks and citations omitted). Plaintiff also fails to plausibly allege that any such policy, practice, custom, or ratification of action was the "moving force" behind the alleged constitutional violations. *Monell*, 436 U.S. at 695. In fact, the Complaint is devoid of even this bare assertion. Accordingly, the Court

**GRANTS** Defendants' motion on this basis and **DISMISSES** Plaintiff's first cause of action to the extent it is brought against the County pursuant to *Monell* and based upon a policy, custom, practice, or ratification of action.

Plaintiff does, however, plead a number of alleged failures, or policies of inaction. First, Plaintiff asserts that the County "had a custom or policy of inaction regarding use of excessive force by its officers and that said custom or policy of inaction amounts to a failure to protect constitutional rights." Compl. ¶ 28. Second, Plaintiff asserts that the County:

> authorized, permitted, tolerated, ratified and/or acquiesced in the policy, custom and practice of the unconstitutional warrantless entry, illegal search, seizure and use excessive force by employees of COUNTY and DEPARTMENT, and in particular by each defendant individually by:
>
> a. failing to properly appoint, promote, train and supervise members of DEPARTMENT who would enforce the laws in effect in the County of San Diego and who would protect the constitutional rights of people in said county;
>
> b. failing to require DEPARTMENT to promulgate procedures and policies, and to monitor and supervise the implementation and compliance of such procedures and policies governing warrantless [sic] entry and search of premises consistent with the Fourth and Fourteenth amendments;
>
> c. failing to require DEPARTMENT to promulgate procedures and policies, and to monitor and supervise the implementation and compliance of such procedures and policies, for the use of appropriate force that are consistent with the Fourth and Fourteenth amendments;
>
> d. permitting the policy and custom of using excessive force by individual members of DEPARTMENT;
>
> e. failing properly to discipline, restrict and control employees, including the individual defendants, who were irresponsible in their dealings with citizens of the community, and

> f. failing to take adequate precautions in the hiring, promoting and retention of police personnel, including specifically the individual defendants.

Compl. ¶ 29.

While the County can be held liable under § 1983 for policies inaction, Plaintiff must still plausibly allege deliberate indifference to the need for policies governing the above-described actions. "Deliberate indifference is a 'stringent standard of fault.'" *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (quoting *Board of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)). It "is a higher standard than gross negligence because 'it requires a culpable mental state,' meaning that '[t]he state actor must recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff.'" *Campbell v. State of Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 846 (9th Cir. 2011) (quoting *Patel*, 648 F.3d at 974). With respect to a policy of inaction theory, in order to plead deliberate indifference, a plaintiff must plausibly allege that the municipality "was on actual or constructive notice that its omission would likely result in a constitutional violation"; only then does the omission reflect a deliberate or conscious choice to violate the constitution. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012) (internal citation and quotation marks omitted). The "heightened requirements for establishing responsibility for a policy of omission are necessary to avoid imposing respondeat superior liability, which would run afoul of *Monell*." *Id.* at 1143.

Plaintiff fails to plead actual or constructive notice of excessive force or warrantless entries, searches, or seizures such that the Court can plausibly infer deliberate indifference. *See Morton v. Cty. of San Diego*, No. 21-cv-1428-MMA (KSC), 2022 U.S. Dist. LEXIS 81349, at *13 (S.D. Cal. May 4, 2022) (finding that the plaintiffs plausibly pleaded deliberate indifference where they alleged a number of prior similar events and news articles discussing the events); *NeSmith v. Cty. of San Diego*, No. 15-cv-0629-JLS (JMA), 2016 U.S. Dist. LEXIS 123441, at *20 (S.D. Cal. Sep. 12, 2016) (same). The

only mention of "deliberate indifference" is made with respect to the failure to train theory, discussed further below. *See* Compl. ¶ 30. Such a singular allegation is insufficient to support deliberate indifference to the need for policies: (a) properly appointing, promoting, and supervising employees who would enforce the laws protect the constitutional rights of people in San Diego; (b) governing the warrantless entry and search of premises consistent with the Fourth and Fourteenth Amendments; (c) governing the use of appropriate force that are consistent with the Fourth and Fourteenth amendments; (d) prohibiting the use of excessive force; (e) proving for proper discipline, restriction, and control of employees who deal with citizens of the community; and (f) prescribing adequate precautions in the hiring, promoting, and retention of police personnel. *See* Compl. at ¶ 29(a)–(f).

Moreover, with respect to the causation requirement, Plaintiff must "demonstrate that, through its deliberate conduct, the [County] was the 'moving force' behind the injury alleged," *Brown*, 520 U.S. at 404, such that Plaintiff can show "that the policy caused the violation in the sense that the municipality could have prevented the violation with an appropriate policy." *Tsao*, 698 F.3d at 1143 (internal quotation omitted). As noted above, the Complaint does not contain even a bare "moving force" allegation. Plaintiff does not plead, nonetheless plausibly explain, how any of these alleged failures caused the constitutional violations—*i.e.*, how any of the absent policies would have prevented the allegedly unlawful search and seizure and use of excessive force.

Accordingly, the Court **GRANTS** Defendants' motion on this basis and **DISMISSES** Plaintiff's first cause of action to the extent it is asserted against the County pursuant to *Monell* and based upon a custom or policy of inaction that fails to preserve individuals' Fourth and Fourteenth Amendment protection from excessive force and warrantless and unlawful searches and seizures.

Peppered within Paragraphs 29 and 30 is the allegation that the County fails to adequately train its employees. For a failure to train theory, "[t]he issue is whether the training program is adequate and, if it is not, whether such inadequate training can

justifiably be said to represent municipal policy." *Long*, 442 F.3d at 1186. As it falls within the greater policy of inaction theory, the failure to train theory requires a showing of deliberate indifference. *See Doe v. City of San Diego*, 35 F. Supp. 3d 1233, 1238 (S.D. Cal. 2014) (citing 9th Cir. Model Civ. Jury Instr. 9.7). However, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62. This is because "adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *City of Canton v. Harris*, 489 U.S. 378, 391 (1989). Only under limited circumstances "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390.

Plaintiff alleges that the County's "failure to adequately train its employees regarding the rights of persons guaranteed by the Fourth and Fourteenth amendments . . . amounts to deliberate indifference to the rights of persons with whom those employees are likely to come into contact." Compl. ¶ 30. This is merely a conclusory assertion that the County exhibited deliberate indifference without alleging facts that support such a legal conclusion. There are no allegations that any similar constitutional violations have occurred in the past. In opposition, Plaintiff appears to invoke the limited exception to this requirement, arguing that "[g]iven the duties of service of process, assigned to SUTTON and DOE 1, and the objectively unlawful manner in which those duties were carried out, it is overtly apparent that more or different training was needed and that the inadequacy was likely to result in the violation of constitutional rights." Doc. No. 7 at 15. However, this is just a paraphrased statement of the limited exception identified in *Canton*. Moreover, any apparent training deficiency with respect to service is not plausibly alleged to be the moving force behind excessive force or warrantless or unlawful search and seizure violations. And finally, it is not in the Complaint.

Single-incident liability is rare and found only "in a narrow range of circumstances" where a constitutional violation is a "highly predictable consequence of the failure to train." *Brown*, 520 U.S. at 409 (1997) (discussing *Canton*). The Ninth Circuit has recently elaborated on *Canton*'s limited exception and its applicability:

> While deliberate indifference can be inferred from a single incident when "the unconstitutional consequences of failing to train" are "patently obvious," *Connick*, 563 U.S. at 61, an inadequate training policy itself cannot be inferred from a single incident. *See Okla. City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) (plurality opinion); *see also City of Canton v. Harris*, 489 U.S. 378, 391, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (explaining that adequately trained officers occasionally make mistakes; the fact that they do says little about the training program"). Otherwise, a plaintiff could effectively shoehorn any single incident with no other facts into a failure-to-train claim against the supervisors and the municipality.

*Hyde v. City of Willcox*, 23 F.4th 863, 874–75 (9th Cir. 2022).

> As with single violations of a written policy, "[T]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *City of Canton*, 489 U.S. at 390–91 (citations omitted); *see also Blankenhorn*, 485 F.3d at 485 ("Because Blankenhorn has limited his proof to the City's failure to train only Nguyen, he did not meet his burden to withstand Defendants; motion for summary judgment.).
>
> The Benavidezes also argue that the single incident exception previously identified by the Supreme Court should directly apply here. Where, as here, the County employees are not making life-threatening decisions, *see Connick*, 563 U.S. at 64, and because micromanaging of municipal policies should be avoided, the single incident exception is inapplicable.

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1154–55 (9th Cir. 2021).

Thus, Plaintiff cannot rely on *Canton* to avoid pleading a pattern of similar constitutional violations to establish deliberate indifference for his failure to train theory. Therefore, even assuming the Complaint contained such an allegation, it would be insufficient to survive dismissal. Accordingly, the Court **GRANTS** Defendants' motion

in this respect and **DISMISSES** Plaintiff's first cause of action to the extent it is brought against the County pursuant to *Monell* and based upon a failure to train theory of liability.

In sum, a plaintiff has several potential avenues to pursue when seeking to hold a municipality liable under *Monell*. There are three ways to demonstrate a "policy," and such a "policy" can be of action or inaction. And a plaintiff may plead alternative theories. But a plaintiff must do more than recite every single theory of *Monell* liability with the hope that one will survive dismissal; Plaintiff cannot "shoehorn" this single incident involving Sutton and a DOE deputy into a *Monell* claim against the County by pleading threadbare, conclusory allegations that track all potential theories of municipal liability. Accordingly, the Court **DISMISSES** Plaintiff's first cause of action against the County **with leave to amend**.

b. DOE Defendants

Defendants also argue that Plaintiff has not adequately pleaded a plausible claim against the DOE Defendants. *See* Doc. No. 6-1 at 9. It is clear from the Complaint that Sutton is the primary alleged tortfeasor, and that Plaintiff seeks to hold the DOE Defendants liable for "fail[ing] to intervene to prevent the deprivation of rights" by Sutton "notwithstanding a duty and reasonable opportunity." Compl. ¶¶ 8–10.

"'[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen,' but only when they have a 'realistic opportunity to intercede.'" *Penaloza v. City of Rialto*, 836 F. App'x 547, 549 (9th Cir. 2020) (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000)). Plaintiff's allegations against DOE 1—the female deputy present during the incident—are sufficient to withstand dismissal. *See* Compl. ¶¶ 8, 16, 19, 22. Taking the allegations as true, the Court can reasonably infer that DOE 1 had a realistic opportunity to intercede as she was present during the alleged attempt to serve Plaintiff with a restraining order and witnessed Sutton unlawfully enter and search Plaintiff's home, detain Plaintiff, and use excessive force during the incident. Accordingly, the Court **DENIES** Defendants' motion in this respect.

However, Plaintiff does not factually allege that any other deputies were present during the incident. Plaintiff contends in passing that DOES 3 and 4 were present. *See id.* ¶ 24. But this allegation is inconsistent with Plaintiff's description of the incident, which only refers to Sutton and DOE 1 as being present. *See id.* ¶ 14. Therefore, because Plaintiff does not plausibly assert that any other DOE Defendants were present during the incident, he fails to plausibly allege that they had a reasonable opportunity to intercede and failed to do so. *See Cunningham*, 229 F.3d at 1290. Consequently, Plaintiff fails to state a claim against any other DOE Defendants. Accordingly, the Court **GRANTS** Defendants' motion on this basis and **DISMISSES** Plaintiff's first cause of action to the extent it is brought against DOES 2 through 50 **with leave to amend**.

Defendants also argue that the DOE Defendants are entitled to qualified immunity because "[t]here is no clear precedent establishing when an officer has a realistic opportunity to intercede." Doc. No. 6-1 at 9. The Court declines to reach the merits of any Defendant's, DOE or named, qualified immunity defense as such an analysis is more appropriate for the summary judgment stage. Consequently, the Court **DENIES** Defendants' motion in this respect.

### B. California State Law Battery Claim

Plaintiff's second cause of action is a California state law claim for battery, and it is brought against all Defendants. In California the elements of the common law tort of civil battery are: "(1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *Lawrence v. City & Cty. of San Francisco*, 258 F. Supp. 3d 977, 998 (N.D. Cal. 2017) (quoting *So v. Shin*, 212 Cal. App. 4th 652, 669 (2013)).

As noted above, review of the Complaint reveals that Sutton is the primary alleged tortfeasor, and Defendants do not challenge Plaintiff's claim to the extent it is asserted against him. *See generally* Doc. No. 6-1. Instead, Defendants argue that Plaintiff fails to

state a battery claim against the County and DOE Defendants, and that Plaintiff may not seek punitive damages against the County. *See id.* at 10–11.

*1. The County*

Defendants assert that Plaintiff fails to plausibly plead a battery claim against the County because it is not liable for injuries unless provided by statute. *See* Doc. No. 6-1 at 10. In support of this argument, Defendants cite to section 815 of the California Government Code ("CGC").

California has rejected the *Monell* rule and imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune. *See* Cal. Gov't Code § 815.2; *see also Scott v. Cty. of Los Angeles*, 27 Cal. App. 4th 125, 139–40 (1994) ("Under Government Code section 815.2, subdivision (a), the County is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer. Under subdivision (b), the County is immune from liability if, and only if, [the employee] is immune.") (emphasis omitted); *White v. County of Orange*, 166 Cal. App. 3d 566, 570 (1985) ("[I]n governmental tort cases, the rule is liability, immunity is the exception.") (citation and internal quotation marks omitted). Thus, while CGC § 815 provides that public entities are not generally liable for injuries caused by their employees unless otherwise provided by statute, s*ee* Cal. Gov. Code § 815, section § 815.2 provides the statutory vehicle for such municipal liability:

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
>
> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Cal. Gov. Code § 815.2.

Defendants do not appear to dispute that Plaintiff *could* plead that the County is liable for the actions of Sutton under a theory of respondeat superior pursuant to section 815.2(a). Defendants instead argue that Plaintiff does not plead such a statutory basis for liability, and that direct liability is inappropriate. *See* Doc. No. 6-1 at 10.

Plaintiff duly alleges that Sutton was employed by the County and was acting within the scope of his employment at all relevant times. *See* Compl. ¶ 7. Plaintiff also alleges that the County's state law liability is pursuant to the doctrine of respondeat superior as opposed to direct liability. *See id.* ¶ 31. Defendants are correct that Plaintiff does not reference CGC § 815.2 in his Complaint and thus does not expressly plead the statutory basis for the County's liability. However, it is not clear that such a technical deficiency warrants dismissal. *See de Villers v. Cty. of San Diego*, 156 Cal. App. 4th 238, 247 (2007) (explaining that such a requirement only applies to a direct liability theory against a governmental agency). Accordingly, the Court **DENIES** Defendant's motion on this basis.

*2. DOE Defendants and Punitive Damages*

Plaintiff concedes that the County cannot be held liable for punitive damages, and similarly concedes that he has not stated a battery claim against any DOE Defendant. *See* Doc. No. 7 at 17. Accordingly, the Court **GRANTS** Defendants' motion in this respect and **DISMISSES** Plaintiff's second cause of action to the extent it is brought against the DOE Defendants and **DISMISSES** Plaintiff's request for punitive damages against the County.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' motion to dismiss. In particular, the Court **DISMISSES** Plaintiff's first cause of action for failure to satisfy Rules 8 and 10, and for failure to state a claim against the County and DOES 2 through 50 pursuant to Rule 12(b)(6) as discussed above, with leave to amend. The Court **DISMISSES** Plaintiff's second cause of action against the DOE Defendants. Finally, the Court **DISMISSES** Plaintiff's request for punitive damages against the

County. The Court **DENIES** the remainder of Defendants' motion.

If Plaintiff wishes to file an amended complaint curing the deficiencies noted herein, he must do so on or before **August 19, 2022**. Any amended complaint will be the operative pleading as to all Defendants, and therefore all Defendants must then respond within the time prescribed by Federal Rule of Civil Procedure 15. Any defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED**.

Dated: July 29, 2022

HON. MICHAEL M. ANELLO
United States District Judge